**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45219**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 414** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 6, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **RUSTIN WILLIAM BANGHAM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Judgment of conviction and sentence and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

Rustin William Bangham pleaded guilty to domestic battery, Idaho Code §§ 18-918(2), 18-903(a). The district court imposed a unified ten-year sentence, with five years determinate. Bangham filed an Idaho Criminal Rule 35 motion, which the district court denied. Bangham filed a motion to reconsider I.C.R. 35 and motion to enlarge time. The district court denied the motion. Bangham appeals and argues the district court abused its discretion by imposing an excessive sentence and by denying his I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State*

*v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bangham's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, including any new information submitted with Bangham's I.C.R. 35, we conclude no abuse of discretion has been shown.

Therefore, Bangham's judgment of conviction and sentence, and the district court's order denying Bangham's I.C.R. 35 motion, are affirmed.